UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN P. STEPHENSON, JR.** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **CHEVRON U.S.A. INC., CHEVRON PIPE LINE COMPANY, AND BP AMERICA PRODUCTION COMPANY** | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, BP America Production Company (hereinafter, "BP America" or "Defendant"), who removes this civil action from the 38th Judicial District Court, Parish of Cameron, State of Louisiana, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§1441 and 1446.  In support hereof, Defendant, BP America, states as follows:

1.

On or about July 6, 2007, an action was commenced in the 38th Judicial District Court, Parish of Cameron, State of Louisiana, entitled *"John Preston Stephenson, Jr. vs. Chevron Pipeline Holdings, Inc., Chevron Chemical Company, LLC, Chevron U.S.A., Inc., Chevron Energy Solutions, L.P., Chevron Environmental Management Company, Chevron Industries, Inc., Chevron International Oil Company, Inc., Chevron Midcontinent Holdings Company, Chevron Midcontinent, L.P., Chevron Pipe Line Company, Chevron Midcontinent Operations Company, Chevron Natural Gas Services,*

*Inc., Chevron Petrochemical Pipeline, LLC, Chevron Phillips Chemical Holdings I, LLC, Chevron Phillips Chemical Pipeline Company, LLC, Chevron Phillips Chemical Company, LLC, Chevron Oil Service Company, Chevron U.S.A. Holdings, Inc., the Department of Environmental Quality, and the Department of Natural Resources*," which is identified by Case Number 10-18038 on the docket of the 38th Judicial District Court.[1] (All together, there were 20 entities named as defendants.  BP America, however, was not named as a defendant.)

2.

**BP America first received notice of the aforementioned action on August 3, 2009, when it was served with an "Amending Petition for Damages".**[2]

3.

The Amending Petition for Damages added BP America to the lawsuit and also deleted all defendant entities, **including the Department of Environmental Quality and the Department of Natural Resources as well as 16 other defendant entities,** with the exception of Chevron U.S.A. Inc. and Chevron Pipe Line Company.

4.

For the reasons set forth below, this Court has subject matter jurisdiction over this action. The suit is removable pursuant to 28 U.S.C. 1441 *et seq.*

---

[1]   A copy of the pleading commencing the aforementioned action is entitled "Original Petition for Damages" and is attached hereto as **Exhibit "A,"** in accordance with the provisions of 28 U.S.C. § 1446(a).

[2]   A copy of the "Amending Petition for Damages" along with all process, citation, pleadings and orders served upon BP American are attached hereto as **Exhibit "B,"** in accordance with the provisions of 28 U.S.C. § 1446(a).

## FEDERAL DIVERSITY JURISDICTION

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) (federal diversity jurisdiction).  The captioned matter is a suit between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

6.

Plaintiff, John P. Stephenson ("Plaintiff"), is a citizen of the State of Louisiana, where he is domiciled.

7.

At the time of commencement of this action, and since that time, Defendant, BP America, was and is incorporated in the State of Delaware with its principal place of business in the State of Texas.  Therefore, BP America is not now, nor was it at the time that plaintiff's petition filed, a citizen of the State of Louisiana.

8.

At the time of commencement of this action, and since that time, Defendant, Chevron U.S.A. Inc., was and is incorporated in the State of Pennsylvania with its principal place of business in California.  Therefore, Chevron U.S.A. Inc. is not now, nor was it at the time that plaintiff's petition filed, a citizen of the State of Louisiana.

9.

At the time of commencement of this action, and since that time, Defendant, Chevron Pipe Line Company, was and is incorporated in the State of Delaware with their principal place of business in the State of California.  Therefore, Chevron Pipe Line Company is not now, nor was it at the time that plaintiff's petition filed, a citizen of the State of Louisiana.

10.

Accordingly, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11.

The value of the claims in controversy exceeds $75,000.00 exclusive of interest and cost.  Plaintiff's petition does not allege a specific amount of damages, but does seek both compensatory and punitive damages, for damages allegedly caused by defendants' oil and gas exploration and production activities on the leased premises.  Specifically, plaintiff seeks to recover for the following:

a. Damages for diminution of the value of his property, loss of use of property, clean up costs, mental distress, annoyance, inconvenience, and stigma damages;

b. Punitive or exemplary damages;

c. An award for unjust enrichment damages for defendants' unauthorized use of plaintiff's land as a waste disposal;

    d. Damages that may be caused by any remediation activities, removal of equipment, soil or wastes on the property including damages for the following:

        1. Piecemeal remediation which increases the overall remediation oversight and monitoring costs;

        2. Liability for improper handling of hazardous and solid wastes on the property;

        3. Increase of the residual amount of wastes on the property;

        4. Increase of the cost of post-remediation surveys, as would be the case in the event wastes are land-farmed or buried on the property; and

        5. Plaintiff's inability to prove claims for damages against defendants due to the destruction or spoliation of evidence.

    e. All damages, foreseeable or not, that are a direct consequence of the failure to perform.

12.

Moreover, plaintiff asserts that his damages <u>exceed</u> the amount in dispute as required by Louisiana law for trial by jury (i.e., $50,000.00).[3]

13.

The "amount in controversy" for purposes of federal jurisdiction is to be determined from the nature and extent of the damages and injuries specifically alleged. Although BP America denies liability to the plaintiff in any amount whatsoever, it asserts that, due to the nature and extent of damages claimed, the amount in controversy as a

---

[3] *See* **Exhibit "B,"** the Amended Petition for Damages, at ¶ 21.

result of plaintiff's Petition for Damages exceeds $75,000.00, exclusive of interest and costs.

## MISCELLANEOUS

14.

Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely.  The Notice of Removal is being filed within 30 days after receipt by the Defendant of the pleading or state court ruling from which it may first be ascertained that the case is one which is or has become removable.  BP America was served with the Amended Petition for Damages on August 3, 2009.

15.

Furthermore, removal is timely because equitable considerations in this case warrant an exception to the one-year limitation contained in the second paragraph of 28 U.S.C. §1446(b).  *See e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003); and *Ardoin v. Stine Lumber Company*, 298 F. Supp. 2d 422 (W.D. La. August 28, 2003).

16.

Venue in this Court is provided by 28 U.S.C. §1441(a).

17.

In accordance with the provisions of 28 USC § 1446(a), Defendants attach to this Notice of Removal a true and correct copy of process, pleadings, and orders served upon it in this action. *See* **Exhibits "A"** and **"B"**.  Defendant will supplement these

attachments with a true and correct copy of the entire state court record upon further order of the Court.

18.

Written notice of the filing of this Notice of Removal will be given to plaintiff, as required by the provisions of 28 USC § 1446(d).

19.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the 38th Judicial District Court, Parish of Cameron, State of Louisiana, as required by the provisions of 28 USC § 1446(d).

20.

BP America reserves its right to assert its interests as to any issue or matter, including any issue or matter related to this action. BP America reserves all rights, including defenses, objections and exceptions, and the filing of this Notice of Removal is subject to, and without waiver of, any defense, objection or exception.

21.

All served defendants remaining in this action consent to or join in this removal.

WHEREFORE, Defendant, BP America Production Company, removes this action from the 38th Judicial District Court, Parish of Cameron, State of Louisiana to the United States District Court for the Western District of Louisiana.

RESPECTFULLY SUBMITTED BY:

   /s/ R. Benn Vincent, Jr.
James P. Doré (#5021) (jim.dore@keanmiller.com), T.A.
Pamela R. Mascari  (#25162) (pam.mascari@keanmiller.com)
R. Benn Vincent, Jr. (#28793) (benn.vincent@keanmiller.com)
Angela M. Leonard (#29314) (angela.leonard@keanmiller.com)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
*Attorneys for BP America Production Company*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record via facsimile transmission and by placing same in the U.S. Mail, properly addressed and postage prepaid on this the 18th day of August, 2009.

| | |
|---|---|
| Jonathan Fontenot<br>Law Office of Jonathan Fontenot<br>1821 North Tallowwood<br>Lake Charles, LA 70605 | Leonard L. Kilgore, III<br>Laura L. Hart<br>KEAN, MILLER,<br>HAWTHORNE, D'ARMOND,<br>MCCOWAN &JARMAN, L.L.P.<br>P.O. Box 3513<br>Baton Rouge, Louisiana  70821 |
| Michael A. Josephson<br>Kenneth Fibich<br>FIBICH, HAMPTON &<br>LEEBRON L.L.P.<br>1401 McKinney, Suite 1800<br>Houston, Texas 77010 | |
| Kurt B. Arnold<br>Jason A. Itkin<br>Micajah D. Boatright<br>ARNOLD & ITKIN, L.L.P.<br>1401 McKinney, Suite 2550<br>Houston, Texas 77010 | |

/s/ R. Benn Vincent, Jr.