IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN PRESTON STEPHENSON, § § Plaintiff § § § Civil Action No. 2:09-CV-1454 vs. § JURY TRIAL DEMANDED § CHEVRON U.S.A. INC., CHEVRON § JUDGE: MELANCON PIPELINE COMPANY, AND BP § AMERICAN PRODUCTION § MAGISTRATE JUDGE: METHVIN COMPANY, § § Defendants § | |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiff John Preston Stephenson ("Plaintiff") files this Amended Complaint[1] against Chevron U.S.A. Inc., Chevron Pipeline Company (collectively, "Chevron"), and BP American Production Company ("BP") and in support would show as follows:

### I. OVERVIEW

1. Plaintiff is the owner of property located in Sections 9 and 10, Twn.12s, Range 09W in Cameron Parish, Louisiana.[2] For many years, Chevron and BP conducted extensive oil and gas operations in connection with Well Nos. 53988 ("Walter Lebleu 001"), 52308 ("Walter Lebleu 003") and 104634 ("Avia Ogea 001") on and/or within close proximity of Plaintiff's property.[3] Additional wells were located near the property, however at this time no claims are made in connection with activities on those wells.

---

[1] With the filing of this Amended Complaint, all prior claims which have not been alleged herein should be treated as though they have been repudiated and/or superseded with this complaint.
[2] Ownership and conveyance documents which contain accurate property descriptions have been attached hereto as Exhibit A. The properties were either purchased by Plaintiff or inherited by Plaintiff from his mother, Irene Stephenson, who in turn received the properties from Arsand Lebleu.
[3] The history of these three wells and the nature and extent of the operations Defendants conducted on or near the Plaintiff's property can be found at http://sonris-www.dnr.state.la.us/sonlite.htm.

1

2. As a result of these extensive oil and gas operations, untold amounts of oilfield waste, including dangerous petroleum hydrocarbons were released on to the Plaintiff's property causing extensive damage to the surface, soil and groundwater contained on Plaintiff's property located in Cameron Parish, Louisiana. *See e.g.* Exhibit B—Environmental Liability Assessment Report, Corrective Action Plan and Remediation Cost Estimate prepared by Trinity Environmental ("Trinity Report"). Plaintiff has filed this lawsuit against Defendants seeking damages for the harm caused to his property.

## II. PARTIES

3. Plaintiff John Preston Stephenson is the owner of the property located at Sections 9 and 10, Twn.12s, Range 09W in Cameron Parish, Louisiana. *See* Exhibit A.

4. Defendants Chevron U.S.A. Inc. and Chevron Pipeline Company operated Well No. 104634. Chevron has been served with process and is properly before this Court.

5. Defendant BP American Production Company is the successor entity to Amoco Production Company, Pan American Petroleum Corporation, and Stanolind Oil And Gas Company and operated Well Nos. 53988 and 52308. BP has been served with process and is properly before this Court.

## III. VENUE

6. Venue is proper in the Western District of Louisiana, Lake Charles Division under 28 U.S.C. § 1391(a).

## IV. JURISDICTION

7. This Court has diversity jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

## V. FACTS

8. As discussed above, Plaintiff is the owner of various properties in Cameron Parish, Louisiana. *See* Exhibit A. For many years, Defendants Chevron and BP owned and operated at least three oil and gas leases on or within close proximity of Plaintiff's property. Based on the extensive well history files located at http://sonris-www.dnr.state.la.us/sonlite.htm and the results of the extensive testing performed by Trinity Environmental attached hereto as Exhibit B, Plaintiff believes that the subject properties, both the surface, subsurface and groundwater, have been contaminated as a result of Defendants' oil and gas operations, including, but not limited to the use of pipelines, storage facilities, separator facilities and tanks and Defendants disposal of and/or release these oilfield wastes onto the property. *See* Exhibit B.

9. Plaintiff further believes that Defendants knowingly, willfully, wantonly, and negligently caused Plaintiff's real and personal property to become contaminated by oil, grease, salt water, and other hazardous toxic and carcinogenic chemicals that originated from their operations on the leased property. Additionally, Plaintiff contends that the data obtained by Trinity Environmental illustrates that Defendants must have knowingly, willfully, wantonly, and negligently remediated Plaintiff's property or otherwise wholly failed to remediate the property thus causing extensive contamination over time. It is also believed at this time, that Defendant Chevron may have caused contamination on the Plaintiff's property by improperly using the tank batteries located on Plaintiff's property and/or improperly storing oilfield waste which caused contamination on the Plaintiff's property.

## VI. CAUSES OF ACTION

10. Plaintiff expressly incorporates by reference the allegations contained in Paragraphs 1-9.

11. Based on the foregoing, Defendants are liable for damages caused to Plaintiff's property caused by the ruin or defect in the equipment or things that were in the custody or control of the Defendants pursuant to Louisiana Civil Code Art. 2317. Defendants improperly maintained equipment resulting in spills and leaks of oil and production wastes which contaminated the surface, subsurface and groundwater contained on the Plaintiff's property.

12. Defendants failed to clean up the site or to maintain the site in a prudent and business-like manner. Defendants left abandoned pipelines, pits and other equipment on the site and left areas of the property contaminated with oilfield wastes. Defendants also concealed the hazardous nature of the materials they allowed to enter into and onto the Plaintiff's land. These activities caused extensive damage and contamination to the surface, subsurface and groundwater contained on Plaintiff's property. *See e.g.* Exhibit B.

13. The conduct and activities of the Defendants on the property have constituted an unreasonable interference with the Plaintiff's lawful use of the land, constituting a private nuisance. Defendants conduct deprived Plaintiff of full use and enjoyment of his property and as a result, Defendant is liable for the damages it has caused pursuant to Louisiana Civil Code Art. 667 through 668.

14. Upon information and belief, Plaintiff further asserts that Defendants breached their lease contracts and acted in bad faith when disposing, burying, and hiding solid and hazardous wastes on the property pursuant to Louisiana Civil Code Art. 1997. Defendants are liable for all of the damages, foreseeable or not, that are a direct consequence of their failure to perform under the terms of the lease and their failure to conduct their operations in a reasonably prudent manner.

15. Defendants' conduct in contaminating the property and failure to warn is a breach of the good faith requirement inherent in the lease and right-of-way agreements between

4

Plaintiff, Plaintiff's predecessors, and Defendants. Furthermore, by improperly disposing of solid and hazardous wastes on the property, Defendants used the property for purposes other than those intended by the lease agreement, and as such, they are liable for all losses the Plaintiff sustained as a result. Defendants, as obligors in bad faith, are liable for all the damages, foreseeable or not, that are a direct consequence of its failure to perform.

16. Defendants' storage, release, and disposal of oil, salt water production wastes, hazardous and toxic substances in a manner as to cause those substances to enter the soil and ground water without Plaintiff's consent constitutes a trespass on the Plaintiff's property by Defendants.

17. As the holder of oil, gas, and mineral leases, Defendants are and were obligated to restore the surface of the property to its original condition at the earliest reasonable time. Defendants have abandoned the various leases associated with Well Nos. 104634, 53988 and 52308 and any reasonable time to restore the property has expired.

18. Defendants are also liable for punitive damages under Louisiana Civil Code Art. 2315.3 for wanton or reckless disregard for the public safety and the disposal, storage, handling and transportation of hazardous or toxic substances.

## VII. DAMAGES

19. As a result of Defendants operations and activities in connection with 104634, 53988 and 52308, Plaintiff's property has sustained extensive damage to the soil, subsurface and groundwater. These specific damages and the various costs associated with remediating the property and returning it to its pre-lease conditions, have been described in great detail in the Trinity Report attached as Exhibit A. Additionally, as a result of Defendants' conduct, Plaintiff has suffered mental distress, annoyance, inconvenience, in addition to the diminution of the value of Plaintiff's property. Finally, because Defendants have failed to voluntarily resolve this

matter and/or voluntarily remediate the property described above, Plaintiff has been forced to retain the undersigned counsel and is entitled to the recovery of attorneys' fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants in a sum to compensate Plaintiff for his damages, diminution of property value, loss of use of property, clean up costs, punitive and exemplary damages, unjust enrichment damages for the unauthorized use of Plaintiff's property, costs, attorneys' fees, plus interest from the judicial date of demand until paid, and all general and equitable reliefs that may be deemed just and proper.

Respectfully submitted,

| | |
|---|---|
| /s/ Kenneth W. DeJean<br>Kenneth W. DeJean (No. 4817)<br>Law Offices of Kenneth W. DeJean<br>417 W. University Avenue<br>Post Office Box 4325<br>Lafayette, LA 70502<br>(337) 235-5294  Phone<br>(337) 235-1095  Facsimile<br>KWDejean@kwdejean.com<br><br>Jonathan Fontenot<br>Bar Roll # 25390<br>**LAW OFFICES OF<br>JONATHAN FONTENOT**<br>1821 North Tallowwood<br>Lake Charles, La 70605<br>(337)802-5374<br>j.fontenot@worldnet.att.net | Michael A. Josephson<br>State Bar No. 06952600<br>Kenneth Fibich<br>State Bar No. 24014780<br>**FIBICH, HAMPTON & LEEBRON, LLP**<br>1401 McKinney, Suite 1800<br>Houston, Texas 77010<br>713-751-0025 (Telephone)<br>713-751-0330 (Fax)<br>mjosephson@fhl-law.com<br><br>Kurt B. Arnold<br>Texas State Bar No. 24036150<br>Bar No. 24036237<br>**ARNOLD & ITKIN LLP**<br>1401 McKinney Street, Suite 2550<br>Houston, Texas 77010<br>Telephone: (713) 222-3800<br>Facsimile: (713) 222-3850<br>karnold@ArnoldItkin.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF electronic filing on this ___9th___ day of September 2009.

/s/Kenneth W. DeJean
Kenneth W. DeJean